[Docket Nos. 429, 435, 456, 462, 464, 465, 466, 467, 476]

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE**

| | |
|---|---|
| FINANCIAL CASUALTY & SURETY, INC., | |
| Plaintiff, | Civil No. 11-4316 (RMB/JS) |
| v. | |
| JOHN BONINO and 007 BAIL BONDS, INC., | **MEMORANDUM OPINION** |
| Defendants. | |

**BUMB, United States District Judge:**

This matter comes before the Court upon several post-trial motions filed by Plaintiff, Financial Casualty & Surety, Inc., ("FCS") [Docket Nos. 456 & 462],[1] Defendants John Bonino and 007 Bail Bonds, (the "007 Defendants"), [Docket Nos. 429, 435, 464, 465 & 467],[2] and Defendants Bail Group Management, LLC, James Mascola and Genevieve Steward, (the "BGM Defendants"). Prior to

-----

[1] To the extent Plaintiff has also submitted a "Notice of Stipulated Dismissal," [Docket No. 472], this Court need not sign the dismissal as it was effective when signed by both parties. See Fed. R. Civ. P. 41(a)(1)(A)(ii). In addition, the Court previously signed an Order of Dismissal as to the BGM Defendants, and the Court need not sign off on the settlement between the parties, submitted as Docket No. 473 "Agreed Final Judgment."

[2] Docket Nos. 429 and 467 are duplicative as are Docket Nos. 435 and 464. As such, these motions will be addressed together.

the start of trial, FCS settled with the BGM Defendants.  After
the completion of trial, the jury found that both John Bonino
and 007 Bail Bonds had breached an implied agreement with
Plaintiff; Plaintiff was awarded the premium on reported bonds
of $3,307.00, bond forfeiture judgments and consent judgments in
the amount of $65,280.00, and attorney's fees and expenses in
the total amount of $127,000 against Bonino only.  [Docket No.
450].

The Court will address the parties' respective post-trial
motions in turn.


1.    007 Defendants' Motion to Reinstate Cross-Claim

The 007 Defendants ask this Court to reinstate their cross-
claim against the BGM Defendants as asserted in their answer
filed on October 31, 2011.  [Docket Nos. 429 & 467].  The 007
Defendants contend that the BGM Defendants were aware of the
cross-claim, but "chose not to conduct any discovery in order to
defend the claim." [Docket No. 429 at 3].  The 007 Defendants
further contend that they "intended to preserve the cross-claim
by including a mention of same in their portion of the Pretrial
Order." Id. at 4.  It is undisputed, however, that this cross-
claim was never included in the final and operative version of
the Joint Final Pretrial Order by the 007 Defendants.  [See
Docket No. 367].

Even assuming that this Court accepts the 007 Defendants'
argument that the Plaintiff's superseding complaint does not
impact the cross-claim asserted in their answer, they have
provided no citations to the record to support their argument
that the BGM Defendants "specifically consented on the record in
open court to allowing the [cross-claim] to go forth." [Docket
No. 434 at 7].   In addition, this Court cannot accept the 007
Defendants' argument that they "attempted to preserve [the
cross-claim] for trial" by requesting inclusion in the pre-trial
order.

The 007 Defendants' dilatory conduct with respect to the
Joint Final Pretrial Order is well documented.  [See Docket No.
475].  For example, the 007 Defendants, on several occasions,
failed to comply with the Court's orders regarding pre-trial
submissions. [See Docket No. 343, directing the 007 Defendants
to show cause why sanctions should not be imposed for failure to
comply with the Court's Order regarding the Joint Final Pretrial
Order].  After lengthy proceedings, including a hearing on FCS's
motion to strike the 007 Defendants' portion of the Final
Pretrial Order for lack of participation in the drafting
process, the Joint Final Pretrial Order was entered on February
10, 2014 and included no mention of the cross-claim despite
ample opportunity for the 007 Defendants to include the same.
[See Docket No. 367].

The law is clear that "a final pretrial order 'shall
control the subsequent course of the action unless modified by
subsequent order. The order following a final pretrial
conference shall be modified only to prevent manifest
injustice.'" <u>Petree v. Victor Fluid Power, Inc.</u>, 831 F.2d 1191,
1194 (3d Cir. 1987)(quoting Fed. R. Civ. P. 16(e)).  The conduct
of the 007 Defendants with respect to the formation of the Final
Pretrial Order clearly does not warrant an amendment to prevent
manifest injustice.  Moreover, while the trial is now complete
and any proceedings as to the cross-claim would necessarily be
bifurcated, the Court finds that the subject of the cross-claim
involves issues that would require discovery.  The bond at issue
involves an agreement with the Roche Insurance Company and a
third party escrow agent, parties previously unknown to this
Court, and arises pursuant to an agreement entirely unrelated to
FCS.  As such, this Court cannot find that manifest injustice
requires that the cross-claim be permitted, and the Court will
deny the 007 Defendants' motions.


   2.   <u>007 Defendants' Motion for Setoff</u>

The 007 Defendants have moved for a setoff against the
$168,587 verdict, [Docket Nos. 435 & 464], arguing that they are
entitled to a setoff because Plaintiff has entered into
settlement agreements with other Defendants, who "shared

4

liability for any damages owed . . . ." [Docket No. 464 at 2].
As Plaintiff correctly points out, however, the 007 Defendants
have provided this Court with no relevant factual or legal bases
for this assertion – i.e., there is no evidence that there is an
overlap between the damages awarded to FCS and the settlement
with BGM, or any other Defendant. Without any evidence that the
judgment against the 007 Defendants actually would result in a
double recovery for the same liability, this Court must deny the
motion for setoff.[3] Cf. Juzwin v. Amtorg Trading Corp., 705
F.Supp. 1053, 1063 (D.N.J. 1989), rev'd on other grounds, 900
F.2d 686 (3d Cir. 1990) ("A defendant in a civil action has a
right to be protected against double recoveries . . . because
overlapping damage awards violate that sense of 'fundamental
fairness' which lies at the heart of constitutional due
process.").

   3.   007 Defendants' Motion Notwithstanding the Verdict[4]

   The 007 Defendants have renewed their motion, previously
denied by this Court [Docket No. 439], to dismiss the
Plaintiff's complaint based upon the statute of frauds. [Docket

---

[3] This denial is without prejudice. The 007 Defendants shall
have 60 days from the date of this Opinion to submit proper
support for this motion, if any.
[4] Presumably, the 007 Defendants are moving pursuant to Federal
Rule of Civil Procedure 50 for judgment as a matter of law.

No. 466].  The 007 Defendants contend that the agreement at issue is a surety agreement and, thus, must be in writing.  The 007 Defendants, however, have set forth no arguments or law that persuade this Court that it should deviate from the reasoning set forth in its prior Opinion on this very issue.  [See Docket No. 439].  Again, this Court has found that the agreement at issue is one for indemnification and, therefore, can be implied.  [Docket No. 439 at 5].  In addition, to the extent this Court found, in the alternative, that the 007 Defendants have waived the statute of frauds defense, they present no arguments to refute that finding in their renewed motion.   The motion is denied for the reasons previously set forth in this Court's prior Opinion.


        4.   007 Defendants' Motion for a New Trial

        The 007 Defendants have moved for a new trial pursuant to Federal Rule of Civil Procedure 59 [Docket No. 465].  Rule 59 states that a court may "grant a new trial on all or some of the issues . . .  for any reason for which a new trial has heretofore been granted in an action at law in federal court . . . ."  Fed. R. Civ. P. 59(a).  Although the language of Rule 59 does not cite specific grounds for a new trial, there are many reasons why a new trial may be warranted.  The most commonly raised reasons are: there was prejudicial error of law, that the

verdict is against the weight of the evidence, the verdict is too large or too small, there is newly discovered evidence, conduct of counsel or of the court has tainted the verdict, or there has been misconduct affecting the jury.  11 C. Wright, A. Miller & R. Kane, Federal Practice and Procedure § 2805, at 55 (2005); see also Lightning Lube, Inc. v. Witco Corp., 802 F. Supp. 1180, 1186 (D.N.J. 1992).

According to the 007 Defendants' brief, a new trial is warranted because "[a]t the conclusion of the trial, the jury entered a verdict solely against Defendant, John Bonino. However, the record is devoid of any evidence that John Bonino acted in an individual capacity with the Plaintiff." [Docket No. 465 at 1].  As an initial matter, the Court notes that the jury did find that 007 Bail Bonds breached an implied agreement with Plaintiff, but did not award any damages with respect to 007.  In addition, the 007 Defendants refer to trial testimony in broad strokes, neither citing nor providing the Court with any of the relevant testimony that would be needed to make an informed decision on their motion.  Certainly, this Court cannot recreate trial testimony from memory.  If the 007 Defendants wish to pursue arguments regarding the "great weight of the evidence," they must provide the Court with that evidence. Because no record evidence has been provided, the 007 Defendants' motion for a new trial will be denied without

prejudice.  Evidence in support of a renewed motion must be filed within 60 days.

    5.  <u>BGM Defendants' Motion to Dismiss Remaining Cross-Claims & Plaintiff's Motion to Dismiss Counterclaim</u>

    The BGM Defendants ask this Court to dismiss any remaining cross-claims asserted against them by co-defendants Jeanne Rondeau ("Rondeau") and Anthony Pizzichillo ("Pizzichillo"). [Docket No. 476].  Relatedly, the Plaintiff asks this Court to dismiss Pizzichillo's counterclaim for failure to prosecute as authorized by Federal Rule of Civil Procedure 14(b). [Docket No. 456].

    In both Rondeau's and Pizzichillo's respective answers to Plaintiff's complaint they included a cross-claim against the BGM Defendants. [Docket No. 77 & 78].  Pizzichillo's answer also contained a counterclaim against the Plaintiff.  [Docket No. 78].  On July 19, 2013, this Court entered summary judgment in favor of Rondeau and she was dismissed from this lawsuit. [Docket No. 320].  Summary judgment was entered against Pizzichillo in October 2012 and a final judgment was entered on May 12, 2014. [Docket No. 442].  As of this juncture, neither Rondeau nor Pizzichillo has prosecuted their claims.  In addition, neither Defendant participated in the drafting of the Joint Final Pretrial Order and those claims were absent from that Order.

Under Rule 41(b), a court may dismiss a counterclaim or a cross-claim for failure to prosecute.[5]  When considering such a dismissal, the Court must consider the six factors enumerated in Poulis v. State Farm Fire & Cas. Co., 747 F.2d 863 (3d Cir. 1984). Those factors are:

(1) the extent of the party's personal responsibility;
(2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery;
(3) a history of dilatoriness;
(4) whether the conduct of the party or the attorney was willful or in bad faith;
(5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and
(6) the meritoriousness of the claim or defense.

Here, both Rondeau and Pizzichillo bear personal responsibility for the failure to prosecute as neither party has taken steps to move forward with the claims at issue. Additionally, as neither Rondeau nor Pizzichillo participated in formulating the Joint Final Pretrial Order, this Court finds that both BGM and Plaintiff would be prejudiced if these claims are not dismissed as trial has been completed in this matter. In addition, the history of dilatoriness is clearly satisfied

---

[5]  Fed. R. Civ. P. 41(b) states: If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule--except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19--operates as an adjudication on the merits.

given Rondeau and Pizzichillo's failure to participate in the litigation.  While there is no evidence of bad faith here, the Court finds that, at this juncture, there is no sanction other than dismissal that would be appropriate under the circumstances.  Finally, with respect to the merits of the claims, both Plaintiff and the BGM Defendants have argued in their papers that the claims lack merit, but, with no opposition papers, this Court is not in a position to make an accurate assessment.  See Ramada Worldwide, Inc. v. Veer Enters., LLC, 2013 U.S. Dist. LEXIS 46099, 2013 WL 1314451, at *5 (D.N.J. Mar. 28, 2013)("The Court declines to address the sixth Poulis factor, as it is impossible to evaluate the merits of [defendant's] defenses given his lack of participation in this action.").

Even without the final factor, this Court finds that at least four of the six factors favor dismissal and this Court will dismiss the cross-claims asserted against BGM by both Rondeau and Pizzichillo and the counterclaim asserted against Plaintiff by Pizzichillo.  See Briscoe v. Klaus, 538 F.3d 252, 263 (3d Cir. 2008)("While 'no single Poulis factor is dispositive,' . . . we have also made it clear that 'not all of the Poulis factors need be satisfied in order to dismiss a complaint.'")(internal citations and quotations omitted).  Both motions are, thus, granted.

6.   <u>Plaintiff's Motion for Judgment as a Matter of Law</u>

Plaintiff has filed a motion for entry of judgment against Defendant, John Bonino, and a motion for judgment notwithstanding the verdict and for judgment as a matter of law against 007 Bail Bonds. [Docket No. 462].  To the extent the Plaintiff asks this Court to enter the judgment against Bonino, that request is moot as the judgment was previously entered. [<u>See</u> Docket No. 452].

Plaintiff also asks that this Court to enter judgment as a matter of law pursuant to Federal Rule of Civil Procedure 50 against 007 Bail Bonds.  Plaintiff avers that the jury's determination that 007 Bail Bonds breached its implied agreement with Plaintiff but its failure to award damages as a result is inconsistent.  Plaintiff argues that "the evidence at trial conclusively established that the damages sustained by FCS as a result of the breach of contract by Bonino were identical to those FCS sustained as a result of the breach by 007 Bail Bonds."  [Docket No. 462 at 2].

At this juncture, Plaintiff's motion suffers from a lack of specific record cites or case law supporting its conclusions. In addition, this motion raises a question that has not been properly briefed by either Plaintiff or the 007 Defendants: <u>i.e.</u>, <u>can an award for attorney's fees premised upon an implied</u> <u>contract remain in this case as a matter of law and, if so, does</u>

11

the evidence support such an award?

        In light of the above, this Court will deny Plaintiff's motion without prejudice.  The Plaintiff shall have 60 days from the date of this Opinion to submit a supplemental brief citing the appropriate portions of the trial record and providing case law in support of their point.  In addition, both Plaintiff and the 007 Defendants shall have 60 days from the date of this Opinion to provide this Court with supplemental briefing regarding whether an award for attorney's fees can stand as a matter of law where the liability for breach is based only on an implied contract.

                                        s/Renée Marie Bumb
                                        RENÉE MARIE BUMB
                                        United States District Judge

Dated:      November 18, 2014