NOT FOR PUBLICATION              [Docket Nos. 481, 482, 483 & 484]

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY
## CAMDEN VICINAGE

| | |
|---|---|
| FINANCIAL CASUALTY & SURETY, INC., | |
| Plaintiff, | Civil No. 11-4316 (RMB/JS) |
| v. | |
| JOHN BONINO and 007 BAIL BONDS, INC., | **OPINION** |
| Defendants. | |

<u>Appearances</u>:

Samuel M. Silver
2050 Route 27, Suite 105
North Brunswick, NJ 08902
    Attorneys for Plaintiff

Michael Resavage
Law Office of Resavage and Battista, LLC
9 Vella La Vella Lane
Egg Harbor Township, NJ 08234
    Attorneys for the BGM Defendants

Joseph Liguori
Mazraani & Liguori, LLP
1901 Route 130
Second Floor
North Brunswick, NJ 08902

Ksenia Proskurchenko
Proskurchenko Law Group, LLC
570 North Broad Street, Suite 13
Elizabeth, NJ 07208
    Attorneys for Defendants John Bonino and 007 Bail Bonds

1

## A. Introduction

This matter comes before the Court upon two post-trial motions filed by Plaintiff, Financial Casualty & Surety, Inc., ("FCS") [Docket Nos. 482 & 483], and the supplemental briefing of both parties, including Defendants, John Bonino and 007 Bail Bonds (the "Defendants"), addressing whether an implied contract is sufficient to sustain an award of attorney's fees. [Docket Nos. 481, 482[1] & 484].  The Defendants have also renewed their motion for a new trial. [Doc. No. 484].

In a prior Opinion dealing with post-trial motions, this Court not only requested supplemental briefing, but also ordered the parties to provide adequate record citations to support their motions.  The Court notes that while the motions were re-filed, neither the relevant portions of the transcripts cited nor trial exhibits have been provided to this Court, including the record as it relates to Plaintiff's pending motion to Set Aside Order of Dismissal and to Enforce Settlement [Doc. No. 483].  The Court cannot properly perform its role without the excerpts from the appropriate record.[2]

---

[1] In the alternative to arguing that it is entitled to attorney's fees, the Plaintiff argues that they be awarded sanctions pursuant to a previously filed Motion for Sanctions.  [Doc. No. 355].  That motion was denied as moot by this Court.  [See Doc. No. 445]

[2] New Jersey Local Civil Rule 5.2, Section 8 states:

Nonetheless, and despite the poor briefs submitted by the parties, the Court has reviewed the pending motions along with the jury questions and verdict rendered in this case.  What has emerged is this Court's belief that a new trial is warranted for the reasons set forth herein.

**B. The Trial**

From May 5, 2014 to May 12, 2014, the Court conducted a jury trial as to the only remaining Defendants, John Bonino and 007 Bail Bonds.[3]  The jury found that Defendants had not breached an express contract with Plaintiff, but had breached an implied agreement to Plaintiff. [Doc. No. 450 at Question 2 and Question 5].  Despite the jury's finding of a breach by <u>both</u> Defendants, the jury awarded damages against Bonino <u>only</u>.  In addition, the jury awarded attorney's fees in the amount of "$100,000.00

---

An ECF Filing User shall submit in electronic form all documents referenced as exhibits or attachments, including briefs, in accordance with the Court's requirements found on the website at www.njd.uscourts.gov, including file size limitations contained therein, unless otherwise ordered by the Court. An ECF Filing User shall submit as exhibits or attachments only those excerpts of the referenced documents that are directly germane to the matter under consideration by the Court. Excerpted materials must be clearly and prominently identified as such. The Court may require parties to file additional excerpts or the complete document.

[3] The Defendants James V. Mascola, Genevieve Steward, Bail Group Management, LLC, and East Coast Bail Bonds, LLC ("BGM Defendants") settled on the second day of trial, May 7, 2014, and the terms of the settlement were placed on the record.  Doc. No. 433.

contingency $27,000 (on appeal)" against Bonino only.  Id. at
Question No. 3.

**C. Grounds for a New Trial**

It is well established that an inconsistent verdict
provides adequate grounds for a new trial.  See e.g., Fed. R.
Civ. P. No. 49(b)(4) "When the answers are inconsistent with
each other and one or more is also inconsistent with the general
verdict, judgment must not be entered; instead, the court must
direct the jury to further consider its answers and verdict or
must order a new trial."; Graboff v. Colleran Firm, 744 F.3d
128, 139 n.9 (3d Cir. 2014)(noting that granting a new trial is
a manner of dealing with an inconsistent verdict). Indeed,
Plaintiff's motion for joint and several liability, [Doc. No.
482], serves to highlight the verdict's inconsistency: "There
was no evidence that Bonino acted in an individual capacity –
instead, every action he took was in his capacity as an agent
for 007.  Nonetheless the jury did not impose damages against
007." [Doc. No. 482 at 8] (emphasis added).

Pursuant to Monaco v. Camden,

a court may order a new trial based on inconsistent
verdicts only if "no rational jury could have brought back
the verdicts that were returned." Pearson v. Welborn, 471
F.3d 732 (7th Cir. 2006) (internal quotations and citations
omitted). Accordingly, when one party challenges a jury's
verdicts as inconsistent, the court has an obligation first
to "attempt to reconcile the jury's findings" to determine
"whether the jury could have, consistent with its
instructions, rendered the challenged verdicts." Davignon

4

<u>v. Hodgson</u>, 524 F.3d 91, 109  (1st Cir. 2008) (citations omitted); <u>see</u> <u>Gallick v. Baltimore & O. R. Co.</u>, 372 U.S. 108, 119, 83 S. Ct. 659, 9 L. Ed. 2d 618 (1963) ("[I]t is the duty of the courts to attempt to harmonize the answers, if it is possible under a fair reading of them: 'Where there is a view of the case that makes the jury's answers to special interrogatories consistent, they must be resolved that way.'") (quoting <u>Atlantic & Gulf Stevedores, Inc. v. Ellerman Lines, Ltd.</u>, 369 U.S. 355, 364, 82 S. Ct. 780, 7 L. Ed. 2d 798 (1962)). In undertaking to read the verdicts consistently, the court must "view the facts in the light most favorable to the verdict." <u>Davignon</u>, 524 F.3d at 109.

366 F. App'x 330, 332 (3d Cir. 2010).

Because the jury clearly determined that 007 Bail Bonds breached the implied contract and had been instructed that "[a] plaintiff who is awarded a verdict for breach of contract is entitled to compensatory damages for such losses as may fairly be considered to have arisen naturally from the defendant's breach of contract," the Court finds it cannot reconcile the jury's finding that no damages should be awarded against Defendant 007 Bail Bonds.  Thus, it seems, jury confusion permeated the proceedings.  <u>See</u> <u>Brown v. Nutrition Mgmt. Servs. Co.</u>, 2010 U.S. App. LEXIS 5535, *4 (3d Cir. Mar. 17, 2010)("A new trial may be granted 'when the verdict is contrary to the great weight of the evidence; that is where a miscarriage of justice would result if the verdict were to stand' or when the court believes the verdict results from jury confusion.")(quoting <u>Pryer v. C.O. 3 Slavic</u>, 251 F.3d 448, 453 (3d Cir. 2001)); <u>Lightning Lube v. Witco Corp.</u>, 802 F. Supp.

1180, 1197 (D.N.J. 1992)("When a trial judge is convinced that there has been a miscarriage of justice, it is his or her duty to set aside the verdict.").

In addition to the inconsistency and jury confusion discussed above, the Court is troubled by the fact that at no time did either party raise the issue of whether attorney's fees can be awarded pursuant to an implied contract.  The parties agree that New Jersey follows the American Rule with respect to attorney's fees, which states that legal expenses are only permitted pursuant to statute, court rule or express contract.  McGuire v. Jersey City, 125 N.J. 310, 593 A.2d 309, 317-18 (N.J. 1991).  Generally speaking, attorney's fees are not available where there exists only an implied contract.  Cf. Dardovitch v. Haltzman, 190 F. 3d 125, 145 (3d Cir. 1999)(noting that one exception to the American Rule involves the discretion of courts to grant fees in cases involving trusts). Indeed, the very case law cited by FCS stands for the proposition that fees are not warranted where there is only an implied contract.  See e.g., Agritrack, Inc., v. Dejohn Housemoving Inc., 25 P.3d 1187, 1193 (Colo. 2001)("The question of whether attorney's fees can be awarded on an implied contract is, at first blush, a legal one and can be easily answered.  The answer is no: there is no authority in Colorado law that would permit attorney's fees to be awarded to the prevailing party on a quantum meruit claim.").

Plaintiff has cited no case law from this jurisdiction
supporting an argument to the contrary in circumstances
analogous to those currently before the Court.

At trial, the jury instruction with respect to attorney's
fees read: "If you award a verdict for breach of contract in
favor of FCS, Plaintiff has requested an award of reasonable
attorney's fees."  This instruction wrongly did not
differentiate between a breach of the alleged express contract
of the parties (which would permit an award of attorney's fees)
and a breach of implied contract, which would not.  This
instruction was in error for reasons already discussed above,
and a new trial appears warranted because it clearly contributed
to the judgment at issue.  See Murphy v. Radnor Twp., 2015 U.S.
App. LEXIS 4555, at *6 (3d Cir. Mar. 20, 2015)("When a jury
instruction is erroneous, a new trial is warranted unless such
error is harmless. An error is harmless if it is highly probable
that the error did not contribute to the judgment.")

The Court notes that there is an additional potential error
with respect to the attorney's fees instruction that, like the
issue of implied contract, was never raised by the parties.
Here, the jury awarded prospective attorney's fees to Plaintiff
in the amount of a contingency $27,000 for a potential appeal of
the jury verdict.  In reviewing the parties' post-trial motions,
this Court has found case law from the Third Circuit wherein it

appears to be the Circuit's responsibility to award attorney's fees for a party's appeal. See e.g., Urban Outfitters v. BCBG Max Azria Group, 430 F. App'x 131 (3d Cir. June 1, 2011)(granting plaintiff's petition for attorney's fees from first appeal); Maldonado v. Houstoun, 256 F.3d 181 (3d Cir. 2001)(deciding attorney's fees motion for attorney work on appeal). Again, such an apparently errant jury instruction would warrant a new trial. See Murphy, 2015 U.S. App. LEXIS 4555, at *6.

### D. Next Steps

Before ordering a new trial, however, this Court will afford the parties an opportunity to convince the Court that a verdict against both Defendants in the amount of $3,307.00 and $65,280.00 with no attorney's fees obviates the need for a new trial, i.e., the errors identified above were harmless. If the parties are unable to convince the Court that jury confusion and errant instructions identified were harmless, this Court will set a date for the new trial.

### E. Motion to Set Aside Dismissal of the BGM Defendants

Finally, the Court will address Plaintiff's Motion to Set Aside Order of Dismissal and to Enforce Settlement. [Doc. No. 483]. There has been no response to this motion by the BGM Defendants who, Plaintiff alleges, were mistakenly dismissed from this matter and who are in violation of the settlement for

failure to fund.  The BGM Defendants shall have three (3) weeks to respond to this Court's Order and show cause why the relief requested by Plaintiff should not be granted.

**F. Conclusion**

For the reasons set forth above, the parties shall have three (3) weeks from the date of this Opinion to submit briefs to this Court as to whether the errors identified are harmless.  The BGM Defendants shall have similarly have three (3) weeks to show cause why this Court should not grant the relief requested by Plaintiff.  An appropriate Order will issue this date.


s/Renée Marie Bumb
RENÉE MARIE BUMB
United States District Judge

Dated:   June 16, 2015