NOT FOR PUBLICATION                    [Docket Nos. 484, 496, 497 & 499]

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE**

| | |
|---|---|
| FINANCIAL CASUALTY & SURETY, INC., <br><br>         Plaintiff, <br><br>     v. <br><br> JOHN BONINO and 007 BAIL BONDS, INC., <br><br>         Defendants. | Civil No. 11-4316 (RMB/JS) <br><br> **OPINION** |

Appearances:

Samuel M. Silver
2050 Route 27, Suite 105
North Brunswick, NJ 08902
     Attorneys for Plaintiff

Joseph Liguori
Mazraani & Liguori, LLP
1901 Route 130
Second Floor
North Brunswick, NJ 08902

Ksenia Proskurchenko
Proskurchenko Law Group, LLC
570 North Broad Street, Suite 13
Elizabeth, NJ 07208
     Attorneys for Defendants John Bonino and 007 Bail Bonds

**BUMB**, United States District Judge:

   I.   Introduction

     This matter comes before the Court upon the post-trial

motion by Defendants John Bonino and 007 Bail Bonds (the "Defendants") [Docket No. 484] and the supplemental briefing of the parties, including Plaintiff Financial Casualty & Surety, Inc. ("FCS" or the "Plaintiff"), addressing whether the jury's verdict and damage awards may be reconciled or whether a new trial is warranted [Docket Nos. 496 & 499], as well as Plaintiff's motion to dismiss its action against 007 Bail Bonds. [Docket No. 497].

In its September 3, 2015 Opinion [Docket No. 493], this Court requested further briefing, in addition to the submission of appropriate record citations where applicable, addressing whether the jury's answers in the verdict are irreconcilable such that a new trial is warranted.  The parties each submitted supplemental briefs in support of their respective positions. [Docket Nos. 496 & 499].  FCS also moved to dismiss its action against 007 Bail Bonds only.  [Docket No. 497].  Based on the record now before it, this Court will discuss the resolution of these issues below.

II.  <u>Motion to Dismiss Defendant 007 Bail Bonds Only</u>

In the face of potentially inconsistent jury verdicts, the Plaintiff seeks a Court Order dismissing its action against Defendant 007 Bail Bonds only under Federal Rule of Civil Procedure 41(a)(2).

Under Rule 41(a)(2), a court may dismiss an action at the plaintiff's request "on terms that the court considers proper." The "decision to allow voluntary dismissal is left to the sound discretion of the district court. That said, Rule 41 motions should be allowed unless the defendant will suffer some prejudice other than the mere prospect of a second lawsuit." Hayden v. Westfield Ins. Co., 586 F. App'x 835, 842 (3d Cir. 2014) (internal citations, quotations, and modifications omitted); see also Baldinger v. Cronin, 535 F. App'x 78, 80 (3d Cir. 2013) ("A plaintiff's voluntary dismissal under Rule 41(a)(2) requires court approval, though the general rule provides that such a motion should be granted liberally.").

Courts in the Third Circuit consider various factors in ruling on a Rule 41(a)(2) motion to dismiss, including:

(1) the plaintiff's diligence in moving to dismiss;

(2) any undue vexatiousness on the plaintiff's part;

(3) the extent to which the pending litigation has progressed;

(4) the effort and expense incurred by the defendant in preparing for trial;

(5) any excessive and duplicative expense of re-litigation; and

(6) the adequacy of the plaintiff's explanation for the need to dismiss.

See, e.g., Hayden v. Westfield Ins. Co., 2013 WL 5781121, at *2 (W.D. Pa. Oct. 25, 2013) aff'd, 586 F. App'x 835 (3d Cir. 2014); Lombarski v. Cape May Cnty., 2011 WL 1322910, at *3 (D.N.J. Apr. 5, 2011); Pappas v. Twp. of Galloway, 565 F. Supp. 2d 581, 594 (D.N.J. 2008).

"Chief among the factors to consider in determining whether a defendant will suffer prejudice are the extent to which litigation has progressed and the extent to which the defendant will be exposed to new litigation in another forum." Hayden, 586 F. App'x at 842 (affirming district court's denial of Rule 41(a)(2) motion to dismiss brought "seventeen months after the start of litigation and six months after the close of discovery" and for the purpose of "litigat[ing] against [defendant] in state court"); see also Ferguson v. Eakle, 492 F.2d 26, 29 (3d Cir. 1974) (holding that district court abused its discretion in granting plaintiffs' motion to dismiss defendants since the motion was filed "[f]ourteen months after they became defendants in one case . . . and at least two months after they had expected that all discovery had been completed.").

007 Bail Bonds has been a defendant in this litigation since it was first initiated, on January 12, 2011, nearly four years ago. Defendants 007 Bail Bonds and John Bonino have engaged in extensive motion practice over the course of these four years, presumably incurring significant effort and expense.

4

The litigation is in its final stages. The jury trial in this litigation has long since been completed. In fact, the jury verdict that is the subject of the dispute presently before the Court was rendered nearly one and a half years ago. Given all of this, it cannot be said that the Plaintiff has been diligent in moving to dismiss 007 Bail Bonds.

Rather, FCS seeks to dismiss its action against 007 Bail Bonds specifically to encourage the Court to deny Defendants' motion for a new trial. See Plaintiff's Supplemental Brief [Docket No. 499] at ¶ 1 ("FCS has filed a Motion to Dismiss 007 from this lawsuit (Doc. No. 497) and has elected to proceed to judgment against Bonino only. The jury's verdict with respect to Bonino only contains no inconsistencies, thus obviating the need for a new trial."); id. at ¶ 3 ("To the extent the Court finds difficulty in rendering judgment based on the verdict as to Bonino and 007, that conflict has been mooted given FCS has abandoned its claims against 007."). The Plaintiff only seeks dismissal to "kill two birds with one stone." See Hayden, 586 F. App'x at 843; Ferguson, 492 F.2d at 29. The Court finds this explanation for dismissal inadequate.

In light of the above, this Court will deny Plaintiff's motion to dismiss its action against 007 Bail Bonds.

5

III. Inconsistent Verdict and Motion for New Trial

"[A] court may order a new trial based on inconsistent verdicts only if 'no rational jury could have brought back the verdicts that were returned.'" Monaco v. Camden, 366 F. App'x 330, 332 (3d Cir. 2010) (quoting Pearson v. Welborn, 471 F.3d 732, 739 (7th Cir. 2006)).  Establishing this is no easy feat. The Third Circuit has made clear that district courts are "under a constitutional mandate to search for a view of the case that makes the jury's answers consistent." Citizens Fin. Grp., Inc. v. Citizens Nat. Bank of Evans City, 383 F.3d 110, 124 (3d Cir. 2004).

Accordingly, if there is "any view of the case which reconciles the various answers," this Court must construe the jury's verdict in accordance with that view and deny a new trial.  Id. at 124 (emphasis in original) (quoting McAdam v. Dean Witter Reynolds, Inc., 896 F.2d 750, 763 (3d Cir. 1990)). See also Gallick v. Baltimore & O.R. Co., 372 U.S. 108, 119 (1963) ("Where there is a view of the case that makes the jury's answers to special interrogatories consistent, they must be resolved that way."); Kinnel v. Mid-Atl. Mausoleums, Inc., 850 F.2d 958, 965 (3d Cir. 1988) ("We, therefore, must attempt to reconcile the jury's findings, by exegesis if necessary, . . . before we are free to disregard the jury's special verdict and remand the case for a new trial.").

6

Courts across the country routinely reconcile jury verdicts and damage awards that appear inconsistent at first glance by applying the well-established principle against double recoveries. For example, in <u>Associated Business Telephone Systems Corp. v. Dalia</u>, 729 F. Supp. 1488, 1507-08 (D.N.J. 1990), aff'd 919 F.2d 133 (3d Cir. 1990), the district court reconciled a verdict where the jury awarded compensatory damages against a corporation, but awarded only punitive damages against that corporation's officers, reasoning that the jury "had an obvious desire to prevent a double recovery." <u>Id.</u> at 1508. This Court directed the parties to address whether the logic in <u>Dalia</u> should apply in the present case.

The Defendants have failed to meaningfully distinguish <u>Dalia</u> from the case at bar. The Court is convinced that, as in <u>Dalia</u>, the jury only awarded damages against Bonino, despite finding both Bonino and 007 Bail Bonds liable, in an effort to prevent a double recovery by FCS. In fact, the jury was instructed as to the proper measure of compensatory damages for breach of contract, which does not allow for double recovery, but rather is "designed under the law to place the injured party in as good a monetary position as it would have enjoyed if the contract had been performed as promised." Instruction No. 17.

Furthermore, the jury verdict form requested that the jury determine Bonino's liability and the amount of damages to be

7

assessed against him first, before addressing the liability of and damages against 007 Bail Bonds. [Docket No. 450]. "By the time they filled out the first line, [the jury] had accounted for all the compensatory damages. The jury was not specifically instructed on joint and several liability, but that was their intent." Dalia, 729 F. Supp. at 1508.

Several other courts have reconciled jury verdicts using the same reasoning. The Fifth Circuit in Holt Oil & Gas Corp. v. Harvey, 801 F.2d 773, 781 (5th Cir. 1986) held that it had "no difficulty reconciling the jury's verdict" finding the defendant liable under two theories of recovery, but awarding damages only under one theory. The Holt court explained, "[t]he jury might well have concluded that [the plaintiff] would unjustifiably receive a double recovery if damages were awarded under both theories of recovery." Id. See also Cutaia v. Radius Eng'g Int'l, Inc., 2014 WL 3359368, at *3 (W.D. Va. July 9, 2014) (holding that Holt's "reasoning applies equally to the jury's decision in this case. As such, the court will harmonize the jury's verdict by entering judgment for $1,762,087.40 on the breach of contract claim only[, which] will fully compensate Cutaia for the damages he sustained."); Allstate Ins. Co. v. Michael Kent Plambeck, D.C., 2014 WL 1303000, at *7 (N.D. Tex. Mar. 31, 2014) aff'd sub nom. Allstate Ins. Co. v. Plambeck, 2015 WL 5472433 (5th Cir. Sept. 17, 2015) (relying on Holt and

8

rule against double recovery to reconcile jury damage award on RICO claims, but not on fraud and unjust enrichment claims, despite finding liability based on all three theories).

In Zwerin v. Maccabees Mutual Life Insurance Co., 111 F.3d 140 (Table), 1997 WL 191490, at *5 (10th Cir. 1997), the Tenth Circuit affirmed a district court's order reconciling a jury's verdict, which awarded the full amount requested by the plaintiffs under one theory of recovery only, despite finding the defendant liable under two theories. The district court found that "the jury had simply followed its admonition not to duplicate damages." Id. The Tenth Circuit affirmed, noting that the district court's reasoning was "coherent, logical, and consistent with the instructions." Id. Here, too, the jury's verdict suggests that it intended to award compensatory damages in accordance with the instructions it received and prevent double recovery by FCS, as contemplated by Instruction No. 17.

Additionally, the jury was instructed that "[a] corporation, like 007 Bail Bonds, is a creature of legal fiction which can act only through its officers, directors and other agents, and acts of a corporate agent which are performed within the scope of his authority are binding upon the corporate principal." Instruction No. 12. Bonino testified at trial that he was the "owner of 007 Bail Bonds." Trial Transcript [Docket No. 496-1] at 689:15-17. He also testified that the

9

recognizance documents generally listed Bonino as the agent "because I was at that time the only one working for my company." Id. at 729:20-23. Consistent with the instruction and Defendant Bonino's testimony as to his relationship to 007 Bail Bonds, "the jury acted as if the acts of [Bonino] and the acts of the corporation [007 Bail Bonds] were one and the same." Dalia, 729 F. Supp. at 1508. This Court finds that the jury "acted under the belief that an award against [Bonino] functioned as an award against [007 Bail Bonds]" and, therefore, any inconsistency in the jury's damage awards is "one of form, not of substance." Id.

## IV. Conclusion

For the reasons set forth above, the Court holds that the jury's answers are not inconsistent and that a new trial is not warranted. Judgment will be entered against both Defendant Bonino and Defendant 007 Bail Bonds, but damages will be awarded only against Defendant Bonino, consistent with the jury's verdict. An appropriate Order will issue.

The Court has scoured the burdensome and protracted record and docket and has determined that this Opinion and accompanying Order finally resolve all claims with respect to all parties presently before the Court. See, e.g., Order dated November 18, 2014 [Docket No. 478] (granting BGM Defendants' motion to

10

dismiss all remaining cross-claims and Plaintiff's motion to dismiss counterclaim); Joint Final Pretrial Order [Docket No. 367] at 36-37 (defining legal issues of the case for trial, which do not include any counterclaims or cross-claims); see also Barista v. Weir, 340 F.2d 74, 85 (3d Cir. 1965) ("It is, of course, established law that a pretrial order when entered limits the issues for trial and in substance takes the place of the pleadings covered by the pretrial order."); AstraZeneca LP v. Breath Ltd., 2013 WL 2404167, at *6 (D.N.J. May 31, 2013) ("The final pretrial order controls the course of the action unless the court modifies it . . . ; it effectively supersedes the pleadings and defines the issues for trial.") (internal quotations and citations omitted).

Notwithstanding the foregoing, the parties shall have the opportunity to advise the Court within ten days as to whether there are any outstanding claims not yet adjudicated by the Court. Should no unresolved claims be brought to the Court's attention within ten days, the Court shall issue its final judgment and direct the Clerk of the Court to close this matter.

                                                   s/Renée Marie Bumb
                                                   RENÉE MARIE BUMB
                                                   UNITED STATES DISTRICT JUDGE

Dated: October 22, 2015